# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| MAURO CASTANEDA PALACIO, <br> TDCJ # 02271249, <br><br> Petitioner, <br><br> VS. <br><br> LORIE DAVIS, <br><br> Respondent. | § § § § § § § § § § § § | CIVIL ACTION NO. 3:19-0342 |

## MEMORANDUM OPINION AND ORDER

Petitioner Mauro Castaneda Palacio, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt 1). Based on Palacio's certified inmate trust fund statement (Dkt. 3), his motion for leave to proceed *in forma pauperis* (Dkt. 2) will be **granted**. After review under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, and having considered the pleadings, the applicable law, and all matters of record, the Court will **dismiss** this case for the reasons explained below.

## I.  BACKGROUND

Palacio is incarcerated in TDCJ's Wayne Scott Unit in Brazoria County. He is serving a sentence for two 2019 convictions in the 220th District Court of Hamilton County for online solicitation of a minor, Cases No. CR08386 & CR08387. *See* Dkt. 1,

at 2; Offender Information, available at https://offender.tdcj.texas.gov/Offender Search/index.jsp (last visited Oct. 29, 2019).

Palacio's petition, executed on September 30, 2019, does not challenge his conviction or sentence. Rather, he challenges a detainer against him from the United States Marshal (Dkt. 1, at 2). He raises one ground for relief, which he articulates as follows:

> TDCJ has placed a [d]etainer from U.S. Marshal[] that will affect my release. Mistakenly a detainer has been placed on me by TDCJ for A03CR30201SS U.S. Marshal–Houston (supervised release violation)[.] [H]owever, I was released by the Bureau of Prisons on 4/19/2019 for that violation. My federal [probation officer] already mailed me reporting instructions.

(Dkt. 1, at 6). Palacio's citation to "A03CR30201SS" apparently refers to *United States of America v. Mauro Castaneda Palacio*, Criminal Action No. 1:03-CR-00302-SS-1, which is a closed criminal case against Palacio in the Western District of Texas, Austin Division. *See* Dkt. 1, at 12-13.

Palacio attaches a letter addressed to him from his federal probation officer in Austin, dated August 6, 2019, explaining that Palacio will be placed on supervised release after his release from TDCJ:

> On September 29, 2017[,] you were sentenced to 24 months imprisonment. As you know, in addition to the term of imprisonment, the court ordered that you be placed on supervised release for a term of 120 months.
>
> Upon release from TDCJ, these are your instructions:
>
> Within 72 hours of your release from confinement, you are instructed to report to the U.S. Probation Office [in Austin]. The service of your term of supervised release in Docket No. 1:03CR00302(01) has not yet begun. You will not receive credit towards your term of supervised release for any

> time you are presently serving in the confinement of the Texas Department of Criminal Justice. . . .
>
> Again, the service of your term of supervised release will not commence until your release from confinement. . . .

(Dkt. 1, at 13). Palacio also supplies a letter from TDCJ dated August 9, 2019, notifying the United States Marshal that Palacio's projected release date from TDCJ was November 7, 2019 (Dkt. 1, at 12).

A search for Palacio's records in TDCJ's publicly available online database indicates that Palacio was denied release to discretionary mandatory supervision on October 14, 2019, and is not set for further review at this time. *See* Offender Information, available at https://offender.tdcj.texas.gov/OffenderSearch/index.jsp ("Parole Review Information" link) (last visited Oct. 29, 2019).

Palacio's petition in this Court seeks relief in the form of "removal of the U.S. Marshal's detainer from my TDCJ file," and states that "[h]aving a detainer is harmful" because "it can disturb my projected release date, and is affecting my rehabilitation and re-entry opportunities" (Dkt. 1, at 7).

## II.     DISCUSSION

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2241 *et seq*. The AEDPA states that a federal court shall entertain an application for habeas relief corpus on behalf of person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).     *See also* 28 U.S.C.

§ 2241(c)(3) (authorizing habeas claims for a prisoner "in custody in violation of the Constitution or laws or treaties of the United States").

In this case, Palacio does not state a cognizable claim for habeas corpus relief under 28 U.S.C. § 2254 because he does not claim that his state court conviction violates federal law. *See* 28 U.S.C. § 2254(a). Rather, he seeks to challenge the federal detainer against him (Dkt 1, at 2).[1] Moreover, although he alleges that the federal detainer is detrimental to his release from custody, he does not claim that the detainer violates the Constitution or other federal law. He therefore fails to state a claim for habeas relief under either § 2254(a) or § 2241(c)(3).

Additionally, to the extent Palacio's claim in his habeas petition pertained to alleged interference with his previously scheduled release on November 7, 2019, the claim appears moot based on TDCJ's decision on October 14, 2019, to deny him release to discretionary mandatory supervision.

## III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

---

[1]   Although he asserts that a detainer is improper because the Bureau of Prisons "released" him on April 19, 2019 (Dkt. 1, at 6), the documents he attaches appear to demonstrate that his term of federal supervised release has not yet begun (*id*. at 13).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV. **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) filed by

Mauro Castaneda Palacio is **DISMISSED with prejudice** because it fails to state a cognizable habeas claim.

2. Palacio's motion for leave to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, on  October 30th , 2019.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE